NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-034-KKC

PRINCE A. FADAYIRO                                                                                           PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

JOHN ASHCROFT                                                                                                RESPONDENT

On January 27, 2005, Prince A Fadayiro, an individual incarcerated in the Federal Correctional Institution (FCI) in Manchester, Kentucky, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, along with several motions. On February 15th, the petitioner informed the Clerk of the Court that he was in transit to a new location and asked that all contact with him await his relocation. It was not until May 24th that the petitioner filed his new address, a detention center in Oakdale, Louisiana.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

---

[1] This is a *pro se* action and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner seeks removal of a detainer which has been lodged against him for later immigration proceedings on the grounds that (1) he has a defense to the Immigration and Naturalization Service's (INS)[2] use of his underlying criminal action to obtain the deportation; and (2) the lodging of the detainer alone has already resulted in several ill effects on his current confinement.

ALLEGATIONS OF THE PETITION

The following is a summary or construction of the petitioner's allegations, as presented in his completed petition form and attached exhibits.  Record No. 1.

The petitioner identifies himself as a permanent resident alien, No. A93032 333, and provides a copy of the document granting him this status in 1992, as Exhibit A.  He alleges that a jury later convicted him of a drug conspiracy offense in the United States District Court for the District of New Jersey, and on April 25, 1996, he was sentenced to 144 months' imprisonment.  He later filed an unsuccessful appeal and motion to vacate pursuant to 28 U.S.C. §2255.

The petitioner alleges that on or about June 20, 1996, the INS "lodged a detainer for possible deportation," based upon his conviction.  He contends, however, that his conviction does not qualify as an aggravated felony or a controlled substance conviction for deportation purposes under immigration law.  Moreover, the presence of the detainer has negatively impacted his prison classification and programs in the past and may prohibit his future half-way house placement "on

---

[2]   After the events of September 11, 2001, the INS was abolished.  Its immigration enforcement functions transferred to the Bureau of Immigration and Customs Enforcement ("BICE") in the newly created Department of Homeland Security.  The change does not, however, affect the detainer or the instant cause of action.

or about the month of June 2005."

Therefore, the petitioner filed the instant action seeking relief from the basis and ill effects of the INS detainer.

## DISCUSSION

At the time of the filing of his petition, in January of 2005, while incarcerated in the Eastern District of Kentucky, the instant petitioner was making his nature-of-his-conviction arguments prematurely and in the wrong forum. The petitioner was serving the sentence attendant to his 1996 drug conspiracy conviction. He cannot present his theory, that his drug conspiracy conviction does not qualify as a basis for deportation, prior to coming into INS custody. To the extent that the petitioner is/was anticipating coming into the custody of the INS or its successor, the law is well established that an alien prisoner cannot challenge an immigration detainer until he has actually passed into INS custody.

The INS detainer, lodged shortly after the petitioner's sentencing, only constitutes a notice that the INS will seek custody of the prisoner in the future and a request for prior notice with regard to the end of his BOP confinement on a criminal sentence; it does not confer custody to the INS. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y.) (noting the petitioner's lawful permanent resident status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (same; also relying on *Campillo*, 853 F.2d at 595).

Because a detainer is only a notice and does not alter a prisoner's status as a custodial detainee of the federal prison system, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595.

Such was/is[3] exactly the instant petitioner's position, an inmate in service of a criminal sentence, with a detainer providing notice that the INS intends to commence deportation proceedings after he is released. The instant cause of action, therefore, must be dismissed for the reasons aforestated. Only at a later time, when he has passed into INS custody, may the petitioner make his challenges to the deportation proceedings themselves.

With regard to the impact of the detainer on the conditions of his confinement, a prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer, as there is no longer a case or controversy. *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982); *White v. State*, 82 F.2d 364, 366 (10th Cir. 1996). Dismissal of this claim is therefore warranted for mootness occasioned by his transfer. Moreover, the purported ill effects are only vaguely stated (*see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)), and the petitioner does not allege that he exhausted the prison's administrative remedy process prior to filing the instant case (*see* 42 U.S.C. §1997e; *Knuckles El v. Toombs*, 215 F.3d 640,

---

[3] Although the petitioner has now filed a change of address notice, he has not explained what significance his transfer has, if any. If he is now in INS custody for the deportation proceedings, all of his claims herein about the detainer are mooted, and dismissal of the instant action is appropriate on the ground of mootness. Additionally, if the petitioner is now in INS custody, his continued detention is required pursuant to 8 U.S.C. §1226 (a) (c), which mandates detention of aliens for the duration of the deportation/removal proceedings.

642 (6th Cir. 2000)), which serve as alternative grounds for dismissal of these claims.

## MOTIONS

The petitioner filed two motions at the time of his submission of the petition. He has sought permission to proceed herein *in forma pauperis* and appointment of counsel in his behalf.

Both motions are based upon the petitioner's purported indigency. According to the petitioner's certificate of inmate account [Record No 3], however, during the six months preceding the filing herein, the petitioner had a total of $453.10 deposited into his account and he maintained an average balance of $89.34. Because the petitioner's daily needs are met at the expense of federal taxpayers, and because the supplied financial information shows that he has constantly maintained balances sufficient to pay a $5.00 filing fee, the Court is unable to conclude that the petitioner is indigent and without resources to pay the district court filing fee. *See* 28 U.S.C. §1915(e)(2)(A). Therefore, both of the motions grounded in his indigency will be denied.

The petitioner will not be granted an opportunity to pay the fee, however, as prolonging the instant cause of action is not warranted. At the time he advised the Clerk's office of his new address, Fadayiro also filed a motion requesting a transfer of the instant cause to the federal court in the district in which he is now detained, the United States District Court for the Western District of Louisiana, for proper venue. When a civil action is brought in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

Having concluded that the instant cause should be dismissed for the reasons aforestated and consistent with 28 U.S.C. §1406(a), the Court finds that dismissal is appropriate and that it would not be in the interests of justice to transfer the instant cause of action rather than dismissing it. This

proceeding warrants dismissal for the reasons stated herein, and it is not in the interests of justice to prolong it further or burden a sister court with such a fatally flawed case. The Court finding no reason to transfer the current case, the petitioner's motion for the transfer will be denied.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The petitioner's motions to proceed *in forma pauperis* and to have counsel appointed for him [Record Nos. 2, 3] are **DENIED**.

(2) The petitioner's motion to transfer his case [Record No. 6] is **DENIED**.

(3) Prince A. Fadayiro's petition for writ of habeas corpus is **DENIED**, the action is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This the 8th day of June, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge